**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. REDDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>THE WOMEN'S CENTER OF SAN JOAQUIN COUNTY, et al.,<br><br>  Defendants.<br>_____/ | No. C 05-03099 CRB<br><br>**ORDER** |

   Now pending before the Court is defendants' motion to dismiss or transfer for improper venue. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary. See Local Rule 7-1(b).

   Plaintiff's complaint makes a claim under Title VII. Defendants move to dismiss or transfer on the ground that under Title VII's special venue statute, venue in the Northern District of California is not proper. Plaintiff responds that she did not intend to make a Title VII claim; instead, she claims defendants terminated her employment because she spoke to the press and that she has a federal claim for violation of the First Amendment. She further contends that under the general venue statute for federal question cases, venue is proper in this District because one of the defendants resides in the Northern District of California. See 28 U.S.C. § 1391(b).

1    Of course, the First Amendment of the United States Constitution only applies to
2 government actors; it does not apply to private corporations or persons.  See Manson v. Little
3 Rock Newspapers, Inc., 200 F.3d 1172, 1173 (8th Cir. 2000) ("Simply put, the defendant is a
4 private entity, not a governmental entity, and thus is legally incapable of violating anyone's
5 First Amendment rights.").  Thus, it does not appear that plaintiff can state a claim against
6 defendants based on an alleged violation of her First Amendment rights.

7    Nonetheless, as plaintiff is proceeding pro se, and as defendants moved to dismiss or
8 transfer for improper venue rather than a failure to state a claim, the Court will give plaintiff
9 the opportunity to amend her complaint to state a federal claim, if she believes in good faith
10 that she can do so.  Accordingly, on or before **December 13, 2005**, plaintiff shall file her
11 amended complaint if any.  If plaintiff cannot make a federal claim against defendants,
12 plaintiff need not file an amended complaint; instead, if the Court does not receive an
13 amended complaint from plaintiff by December 13 it will dismiss her complaint *without*
14 *prejudice* to plaintiff filing a state law lawsuit in the appropriate state court.  In other words,
15 the dismissal of her complaint will not mean she does not have any claim against defendants;
16 it will only mean that she does not have a federal claim and therefore this federal court does
17 not have jurisdiction of her claims.

18    If plaintiff does file an amended complaint, defendants may respond to the complaint
19 with an answer or noticed motion to dismiss.

20    **IT IS SO ORDERED.**

22 Dated: November 22, 2005                    CHARLES R. BREYER
                                              UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\3099\orderrevenue.wpd            2