IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. REDDEN, | No. C 05-03099 CRB |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| THE WOMEN'S CENTER OF SAN JOAQUIN COUNTY, et al., | |
| Defendants. | |

Now pending before the Court is defendants' motion to dismiss plaintiffs' Second Amended Complaint. The Court is also in receipt of a letter from plaintiff, dated January 13, 2006, asking this Court to rule on defendants' motion to dismiss as soon as possible. In light of plaintiff's request, and after reviewing defendants' motion and plaintiff's opposition, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS defendants' motion to dismiss plaintiff's First Amendment claim. Plaintiff's state law claims are dismissed without prejudice to her pursuing those claims in the appropriate state court.

## BACKGROUND

Plaintiff, proceeding in pro per, alleges that defendants terminated her employment with defendant The Women's Center of San Joaquin County in retaliation for plaintiff providing information to a local newspaper in Tracy, California. Her original complaint made a claim for employment discrimination in violation of Title VII. After defendants

moved to dismiss the complaint for improper venue, plaintiff explained that she did not intend to make a Title VII claim; instead, she intended to make a federal claim for violation of her First Amendment rights, as well as state law claims.

The Court therefore declined to dismiss the complaint; instead, it gave plaintiff the opportunity to amend her complaint to state a federal claim, if she believes in good faith that she can do so. Accordingly, by order filed November 22, 2005, the Court ordered plaintiff to file her amended complaint, if any, by December 13, 2005. The day before the Court filed its order, plaintiff filed a First Amended Complaint. On December 5, 2005, defendants moved to dismiss the First Amended Complaint on the ground that it did not state a federal claim. On December 13, in accordance with the Court's November 22nd order, plaintiff filed a Second Amended Complaint. In addition to state law claims, her Second Amended Complaint makes a claim pursuant to 42 U.S.C. section 1983 for violation of her First Amendment rights. Defendants have now moved to dismiss the Second Amended Complaint.

Defendants contend that plaintiff's Second Amended Complaint is improper as it could not be filed without leave of Court. As the above recitation of facts demonstrates, however, the Court granted plaintiff such leave by its order filed November 22, 2005. At the time the Court issued its order it was not aware that plaintiff had filed a First Amended Complaint; in any event, upon receipt of the Court's order plaintiff reasonably believed that the Court was granting her leave to file a Second Amended Complaint.

Defendants also argue that plaintiff's complaint does not state a federal claim because The Women's Center is not a government entity and therefore the First Amendment does not apply.

## DISCUSSION

It is undisputed that defendant The Women's Center is a private non-profit corporation. It is equally undisputed that the First Amendment of the United States Constitution only applies to government actors; it does not apply to private corporations or persons. See Manson v. Little Rock Newspapers, Inc., 200 F.3d 1172, 1173 (8th Cir. 2000)

("Simply put, the defendant is a private entity, not a governmental entity, and thus is legally incapable of violating anyone's First Amendment rights."). Plaintiff nonetheless contends that the First Amendment applies to The Women's Center because the Center receives funding from federal, state, and local governments. She also argues that it is a government entity because it "provides a service for the government." In particular, she alleges that pursuant to California law, all of the Center's volunteers and relief workers must have completed certain mandatory training approved by the California State Office of Emergency Services. Plaintiff's January 13, 2006 Opposition at 2.

Plaintiff's government entity argument fails as a matter of law. "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights fairly attributable to the [government]?" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (internal quotation marks and citations omitted). A two-part test determines the answer to that question. "First, the deprivation must result from a governmental policy. In other words, the deprivation 'must be caused by the exercise of some right or privilege created by the [government] or a rule of conduct imposed by the [government].'" Id. (internal quotation marks and citation omitted). "Second, the party charged with the deprivation must be a person who may fairly be said to be a [governmental] actor." Id. (internal quotation marks and citation omitted). Plaintiff's allegations fail this test.

Plaintiff's alleged deprivation did not result from a governmental policy. She contends that The Women's Center, a private non-profit corporation, adopted a policy prohibiting its employees from speaking to the press and that this policy led to the deprivation of her constitutional rights. She does not allege, and cannot allege, that some government law or regulation compelled The Women's Center to adopt such a policy. Nor does she allege that any government instructed, directed or in any way influenced The Women's Center's decision to terminate plaintiff's employment. It is apparent from the allegations of her three complaints that she cannot in good faith make such an allegation.

3

The Women's Center is therefore not liable under section 1983 for violating plaintiff's First Amendment rights.

Plaintiff's allegations also fail the second part of the test. The Women's Center cannot fairly be said to be a governmental actor. It is well-established that public funding is insufficient to convert a private entity into a state actor for purposes of constitutional liability. See Blum v. Yaretsky, 457 U.S. 991, 1011 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982). The State's regulation of The Women's Center–by requiring that its volunteers and counselors receive certain certified training–is also insufficient as a matter of law. See Rendell-Baker, 457 U.S. at 841 ("state regulation, even if extensive and detailed, [does] not make a [private entity's] actions state action") (internal quotations and citation omitted).

In sum, plaintiff has not alleged facts that show that The Women's Center is a government actor for purposes of liability under the First Amendment. And it is apparent from the allegations of all three complaints that plaintiff cannot in good faith allege sufficient facts. Accordingly, defendants' motion to dismiss plaintiff's First Amendment claim is GRANTED without leave to amend.

As the First Amendment claim is the only federal claim in this lawsuit, and the basis for the Court's jurisdiction, the Court declines to exercise supplemental jurisdiction of the remaining state law claims. The state law claims are therefore dismissed without prejudice to plaintiff pursuing those claims in the appropriate state court.

**IT IS SO ORDERED.**

Dated: January 17, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE